**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| Antony Jordan, individually and on behalf of all others similarly situated, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 7:21-cv-00218 |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| Polaris Precision Tubular Services, LLC | § | |
| | § | COLLECTIVE ACTION |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Antony Jordan ("Jordan" or "Plaintiff"), individually and on behalf of all others similarly situated, files this Complaint against Polaris Precision Tubular Services, LLC, ("Polaris" or "Defendant"), showing in support as follows:

## I. NATURE OF ACTION

1. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each seven day workweek while working for Defendant paid on an hourly basis. Specifically, Defendant paid Plaintiff at the same hourly rate regardless of the number of hours worked over forty in a workweek ("straight time pay"). Furthermore, Defendant required Plaintiff to work overtime off-the-clock without pay at the federally mandated premium rate ("off-the-clock work").

2. Plaintiff files this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former employees of Defendant while paid on an hourly basis who, like Plaintiff, were paid straight time pay and were required to work off-the-clock, and as a

consequence were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

3. Plaintiff and the Collective Action Members seek all damages available under the FLSA including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II. PARTIES

### A. Plaintiff Antony Jordan

4. Plaintiff is an individual residing in Henderson County, Texas. Plaintiff has standing to file this lawsuit.

5. Plaintiff worked for Defendant from on or about January 2020 through January 2021. Plaintiff is a former employee.

6. At material times, Plaintiff earned an hourly rate of approximately $18.00 per hour. When Plaintiff worked more than forty hours per week, which happened frequently, Defendant compensated him at his hourly-rate only and never compensated him at time and one-half his regular rate of pay in violation of the FLSA. Furthermore, Defendant failed to pay Plaintiff for all hours worked over forty in a workweek.

7. Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

### B. Collective Action Members

8. The putative Collective Action Members are (a) all current or former employees of Defendant who are/were paid on an hourly straight time basis and who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek and/or (b) were required to work off-the-clock and were not paid for all hours worked.

Because Defendant did not pay all overtime premium compensation due to its employees paid on an hourly basis who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of § 216(b) of the FLSA.

9. The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

**C. Defendant Polaris Precision Tubular Services, LLC**

10. Defendant is a limited liability company organized under the laws of the State of Texas.

11. During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

12. Defendant's principal place of business, as listed with the Texas Secretary of State is 23211 FM 1995, Lindale, Texas 75771. However, on its website, Defendant lists its business address as P.O. Box 80926, Midland, TX 79708.[1]

13. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

14. At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

15. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

[1] http://polaristubular.com/ (last visited on 11/17/2021).

16. Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, pipe, casing, vehicles, fuel, equipment and supplies/materials used in connection with drilling and completion work.

17. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

18. Defendant may be served with summons through its registered agent Guy Joel Sykes II, at 16230 CR 4191, Lindale, Texas 75771.

## III. JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

20. The United States District Court for the Western District of Texas Midland/Odessa Division has personal jurisdiction over Defendant because Defendant does business in Texas and because many of the acts complained of occurred in Texas and in this Division. Defendant is headquartered in Midland, Texas.

21. Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) & (c) because a substantial part of the events giving rise to the claim occurred in this District and/or Division. Also, Defendant is headquartered in Midland, Texas.

## IV. FACTUAL BACKGROUND

22. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

23. Plaintiff was employed by Defendant as a torque turn / driller in connection with its provision of oil and gas tubular services.[2] His primary job duties involved manual labor such as drilling oil and/or natural gas.

24. At material times, Plaintiff was paid an hourly rate of approximately $18.00 per hour. Defendant did not pay Plaintiff a salary or on a "fee basis" as those phrases relate to the FLSA.

25. Plaintiff routinely worked in excess of 40 hours per workweek for Defendant. Plaintiff's weekly work schedule typically encompassed approximately 80 hours of work per workweek at minimum for Defendant. However, Plaintiff did not receive time and one-half his regular rate of pay for all hours that he worked over 40 during each and every workweek. Defendant paid Plaintiff straight time for every hour worked, including hours worked over forty.

26. Moreover, Defendant failed to pay Plaintiff for all hours worked and required him to work off-the-clock. For example, on or about December 12, 2020, Defendant paid Plaintiff $288 for 16 hours of work despite invoice # 589472 reflecting 18 hours of actual work time.

27. During times relevant, Defendant employs/employed numerous other employees in connection with its provision of oil and gas related tubular services who are/were similarly situated to Plaintiff. Those employees are/were also paid on an hourly basis, are/were not paid on a salary or fee basis, routinely work/worked in excess of 40 hours per workweek, and are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every workweek.

[2] http://polaristubular.com/ (last visited on 11/17/2021).

## V. FLSA CLAIMS FOR OVERTIME PAY

28. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

29. At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

30. At all times relevant to this lawsuit, Defendant has been and is an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

31. Plaintiff and putative Collective Action Members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e)

32. Plaintiff and putative Collective Action Members were not exempt from overtime under the FLSA.

33. Plaintiff and putative Collective Action Members are/were paid on an hourly basis by Defendant.

34. At times relevant to this lawsuit, Plaintiff and putative Collective Action Members work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

35. Defendant is/was required to pay Plaintiff and putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

36. Defendant failed to pay Plaintiff and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA. Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff and putative Collective Action Members, individually, on a daily and weekly

basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5.

37. Putative Collective Action Members are/were similarly situated to Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

38. Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and putative Collective Action Members were not paid overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

39. Plaintiff and putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

40. Plaintiff and putative Collective Action Members seek all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI. COLLECTIVE ACTION CLAIMS

41. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

42. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

43. Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

a) Straight time for overtime class:

**All current and former employees of Defendant who were paid straight time hourly pay for all hours worked without receiving overtime premium pay for all hours worked over forty in each seven-day workweek for the time period beginning three years prior to the filing of this lawsuit through the date of final disposition of this action; and/or**

b) Off-the-clock class:

**All current and former hourly paid employees of Defendant who were required to work off-the-clock without receiving overtime premium pay for all hours worked over forty in each seven-day workweek for the time period beginning three years prior to the filing of this lawsuit through the date of final disposition of this action.**

44. Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, namely, paid their hourly rate of pay ("straight time") for all hours of work without receiving overtime premium pay for all hours worked over forty in each seven-day workweek and/or were required to work off-the-clock without overtime pay.

45. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA.

46. Defendant's failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

47. The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

48. Although the exact amount of damages may vary among the putative collective action members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

49. Plaintiff reserves the right to establish sub-classes and/or modify class notice

language as appropriate in any motion to certify a collective action or other proceeding.

50. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII. JURY DEMAND

51. Plaintiff demands a jury trial on behalf of himself and the putative Collective Action Members on all issues.

## VIII. DAMAGES AND PRAYER

52. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative collective action members;

b. All damages allowed by the FLSA, including back wages;

c. Liquidated damages in an amount equal to FLSA-mandated back wages;

d. Legal fees, costs and expenses;

e. Post-judgment interest;

f. All other relief to which Plaintiff and the collective action members may be justly entitled.

Dated: November 18, 2021

Respectfully submitted,

By: s/ Ricardo J. Prieto

Ricardo J. Prieto
State Bar No. 24062947
rprieto@eeoc.net
Melinda Arbuckle
State Bar No. 24080773
marbuckle@eeoc.net

Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile

ATTORNEYS FOR PLAINTIFF AND PUTATIVE COLLECTIVE ACTION MEMBERS